Anderson v. Coastal Communities at Ocean Ridge Plantation, Inc., 2011 NCBC 14.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BRUNSWICK | 09 CVS 1042 |
| | ("*Anderson*") |

BERRY ANDERSON, et al., )
    Plaintiffs, )
                   )
            v. )
                   )
COASTAL COMMUNITIES AT OCEAN )
RIDGE PLANTATION, INC., et al., )
    Defendants )


| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BRUNSWICK | 09 CVS 3376 |
| | ("*Beadnell*") |

KATHLEEN BEADNELL, et al., )
    Plaintiffs, )
                   )
            v. )
                   )
COASTAL COMMUNITIES AT OCEAN )
RIDGE PLANTATION, INC., et al., )
    Defendants )


| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BRUNSWICK | 10 CVS 314 |
| | ("*Barton*") |

JOHN BARTON, et al., )
    Plaintiffs, )
                   )
            v. )
                   )
COASTAL COMMUNITIES AT OCEAN )
RIDGE PLANTATION, INC., et al., )

Defendants                )

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BRUNSWICK | 10 CVS 496 |
| | ("*Barry*") |

JOHN BARRY, III, et al., )
     Plaintiffs )
                         )
          v.          )
                         )
OCEAN ISLE PALMS, INC., et al., )
     Defendants )

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BRUNSWICK | 10 CVS 781 |
| | ("*Arnesen*") |

KENNETH ARNESEN, et al., )
     Plaintiffs )
                         )
          v.          )
                         )
RIVERS EDGE GOLF CLUB & )
PLANTATION, INC., et al., )
     Defendants )

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09 CVS 1208
("*Gilmartin*")

BRANCH BANKING AND TRUST )
COMPANY, )
    Plaintiff )
     )
    v. )
     )
EILEEN A. GILMARTIN, )
    Defendant/Third-Party )
    Plaintiff )
     )
v. )
     )
COASTAL COMMUNITIES AT OCEAN )
RIDGE PLANTATION, INC., et al, )
    Third-Party Defendants )

## OPINION AND ORDER ON DEFENDANT BRANCH BANKING AND TRUST COMPANY'S MOTION TO DISMISS

THESE CAUSES, designated mandatory complex business cases by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."); and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, now come before the court upon Defendant Branch Banking and Trust Company's ("BB&T" or the "Bank") Motion to Dismiss Amended Complaints (the "Motion"), pursuant to Rule 12(b)(6), North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT after considering the Motion, the arguments and briefs[1] in support of and in opposition to the Motion, other submissions of counsel and appropriate matters of record, as discussed *infra*, CONCLUDES that BB&T's Motion should be GRANTED, for the reasons stated herein.

> *Hodges & Coxe P.C., by C. Wes Hodges, II, Esq. and Sarah Reamer, Esq. for Plaintiffs.*
>
> *Poyner Spruill LLP, by David Dreifus, Esq., J. Nicholas Ellis, Esq. and Jenny M. McKellar, Esq. for Defendants Branch Banking and Trust Company and BB&T Collateral Services Corporation.*

Jolly, Judge.

## PROCEDURAL HISTORY

[1]     On or around April 26, 2010, Plaintiffs filed their Amended Complaints[2] in this matter. Plaintiffs allege claims for relief ("Claim(s)")[3] against Defendant BB&T in seven counts: fraud, unjust enrichment, violation of North Carolina's RICO statute, breach of duty of good faith and fair dealing/negligent supervision, unfair and deceptive trade practice, civil conspiracy and violations of North Carolina's Mortgage Lending Act.

[2]     Subsequent to filing their Amended Complaints, Plaintiffs asked this court to enter a preliminary injunction prohibiting BB&T from initiating or continuing any foreclosure proceeding against the Plaintiffs pending a final determination of the merits of the Plaintiffs' Claims (the "Preliminary Injunction Motion"). On May 13, 2011, the court entered an order denying Plaintiffs' Preliminary Injunction Motion (the "Preliminary

---

[1] The court concludes that the Motion should be decided on the papers and briefs. *See* Rule 15.4(a), General Rules of Practice and Procedure for the North Carolina Business Court.

[2] "Amended Complaints" refers to the Second Amended Complaint in *Anderson*, the Amended Complaints in *Beadnell*, *Barton*, *Barry* and *Arnesen*, and the Second Amended Answer and Counterclaims in *Gilmartin*.

[3] The various Claims are individually numbered in the Amended Complaints in each separate civil action. For purposes of this Order, it is not necessary to refer to the specific Claim numbers assigned to each Claim in each Amended Complaint.

Injunction Order"), based on the court's conclusion that Plaintiffs failed to demonstrate a likelihood of success on the merits of their Claims against BB&T.

[3]    BB&T timely filed the instant Motion.  The Motion has been fully briefed and is ripe for determination.

## FACTUAL BACKGROUND

[4]    Paragraphs 5 through 11 below reflect the substance of the allegations of the Amended Complaints.[4]

[5]    Plaintiffs are purchasers of vacant lots (collectively the "Coastal Communities Properties") in various planned residential subdivisions developed by Mark A. Saunders ("Saunders") and Coastal Communities, Inc. ("Coastal Communities") and located in Brunswick County, North Carolina.

[6]    Saunders was and is the registered agent, president, organizer, member/manager and/or sole shareholder of Coastal Communities; Coastal Communities at Ocean Ridge Plantation, Inc.; Coastal Communities at Ocean Ridge Plantation, LLC; MAS Properties, LLC; The Mortgage Company of Brunswick, Inc. ("TMC") and other corporate entities located in North Carolina.[5]

[7]    Defendants BB&T and BB&T Collateral Service Corporation ("BB&T Trustee") are North Carolina corporations with their principal offices located in Forsyth County.[6]  BB&T Trustee is the trustee on deeds of trust securing loans made by BB&T to purchasers of Coastal Communities Properties.[7]

---

[4] The substance of the allegations in the Amended Complaints are substantially the same in all of the above actions.  For convenience, when specificity is needed, the court will cite to the allegations in the Second Amended Complaint in *Anderson*, unless otherwise indicated.  Second Am. Compl. ¶¶ 56-57.
[5] *Id.* ¶ 30.
[6] *Id.* ¶ 44.
[7] *Id.*

<u>The Alleged Scheme</u>

[8]      Plaintiffs, like many other purchasers of real property in North Carolina, bought lots in new real estate developments shortly before the national real estate bubble burst.  The number of similar lawsuits filed in this court alone following the collapse of such developments has increased substantially.  *See Allen v. Land Res. Group of N.C., LLC,* Rutherford County No. 08 CVS 1283 (N.C. Super. Ct.)*; Cabrera v. The Ridges at Morgan Creek, LLC,* McDowell County No. 09 CVS 544 (N.C. Super. Ct.)*; Abraham v. Jauregui,* Onslow County No. 09 CVS 3608 (N.C. Super. Ct.) *and Beattie v. Branch Banking & Trust Co.,* New Hanover County No. 10 CVS 3891 (N.C. Super. Ct.).

[9]      Plaintiffs bring these actions for damages and rescission arising out of their purchase of Coastal Communities Properties based upon allegations that "Saunders, his companies, and their agents, along with other participants in the scheme, created an artificial market for the sale of vacant lots in the Saunders subdivisions through high-pressure, misleading sales tactics, fraudulent appraisals with pre-determined values, unscrupulous lending practices, the affixing of excessive revenue stamps on recorded deeds, and other such conduct."[8]

[10]      From 2004 through 2007, BB&T was the lender for the majority of purchasers of Coastal Communities Properties, including Plaintiffs.[9]  In late 2006 or

---

[8] Pls. Mem. Opp. BB&T's Mot. Dis. 5.
[9] Second Am. Compl. ¶ 43.

early 2007, Four Oaks Bank[10] became the primary lender when BB&T ceased making loans for Coastal Communities Properties.[11]

[11] Plaintiffs allege that Saunders, through TMC, steered purchasers to BB&T and BB&T allowed Saunders to completely and totally control the entire loan process, including the selection of the appraiser for Coastal Communities Properties, James Powell Appraisers ("JPA").[12] Plaintiffs further allege that BB&T (a) improperly relied upon appraisals generated from an appraiser hand-picked by Saunders and subject to Saunders' control, (b) helped facilitate Saunders' scheme by choosing to forego an independent, unbiased appraisal process and instead allowed Saunders, through TMC and JPA, to control the entire loan process and (c) "pushed through" loan applications submitted by purchasers of Coastal Communities Properties regardless of whether the purchasers were qualified so that BB&T employees could earn bonuses or commission through BB&T's "Matrix" program.[13]

## BB&T'S MOTION

### Applicable Law

[12] Dismissal of an action pursuant to Rule 12(b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the well-pleaded allegations of the complaint are taken as true and admitted, but conclusions of law or unwarranted deductions of facts are not admitted. *Sutton v. Duke*, 277 N.C. 94, 98 (1970).

---

[10] Four Oaks Bank was an initial party Defendant in *Anderson* and *Barry.* It was voluntarily dismissed from each action on October 6, 2010.

[11] *Id.* ¶ 162.

[12] Pls. Mem. Opp. BB&T's Mot. Dis. 7.

[13] Second Am. Compl. ¶¶ 143-44. The Matrix program allows BB&T employees to earn points based upon the number of loans issued and to use those points to earn bonuses and/or higher salaries.

[13]     A complaint fails to state a claim upon which relief can be granted when either (a) the complaint on its face reveals that no law supports the plaintiff's claim, (b) the complaint on its face reveals the absence of facts sufficient to make a good claim or (c) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).

The Parties' Contentions

[14]     BB&T argues that the Claims asserted against it, which are premised on an alleged legal duty that Plaintiffs contend BB&T owed to Plaintiffs to appraise the collateral for the loans and to disclose defects in the appraisals, fail because BB&T had no duty to Plaintiffs to ensure the appraisals were accurate or to disclose any defects in the appraisals.[14]   BB&T contends that it did not owe Plaintiffs any duties outside of the terms of the loan agreements.[15]   BB&T also argues that Plaintiffs fail to allege facts sufficient to establish the elements of each Claim asserted.[16]

[15]     Plaintiffs respond that BB&T had a duty under the North Carolina Mortgage Lending Act ("MLA"), G.S. 53-243, *et seq.* (repealed and replaced by the Secure and Fair Enforcement Mortgage Licensing Act G.S. 53-244.010, *et seq.*), to inform Plaintiffs about Saunders' selection of JPA as the appraiser, BB&T's decision to use an outside appraiser and BB&T's reliance on "clearly deficient appraisals despite obvious evidence of pre-determined results."[17]

---

[14] BB&T's Mem. Supp. Mot. Dis. 9.
[15] *Id.* 10.
[16] *Id.* 16-28.
[17] Pls. Mem. Opp. BB&T's Mot. Dis. 17.

Discussion

[16]	The gravamen of Plaintiffs' Claims against BB&T is that the Bank had a duty under the MLA to appraise the collateral for the loans and inform Plaintiffs of the details of the loan process including Saunders' alleged involvement and selection of JPA as the appraiser. All of the Claims against BB&T are premised upon wrongful omissions by BB&T regarding the loan and appraisal processes, including Saunders' alleged involvement and control over both.

[17]	In the Preliminary Injunction Order, the court concluded that Plaintiffs failed to allege facts sufficient to show that BB&T acted improperly in issuing loans to purchasers of Coastal Communities Properties.[18] The court noted that in an ordinary debtor-creditor relationship, a lender does not owe any duty to its borrower beyond the terms of the loan agreement.[19] "[P]arties to a contract do not thereby become each others' fiduciaries; they generally owe no special duty to one another beyond the terms of the contract . . . ." *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 61 (1992). "A lender is only obligated to perform those duties expressly provided for in the loan agreement to which it is a party." *Lassiter v. Bank of North Carolina*, 146 N.C. App. 264, 268 (2001).

[18]	BB&T did not owe Plaintiffs a duty to disclose the details of the loan process not required to be disclosed under state or federal law or under the terms of the loan agreements. BB&T acted properly in issuing loans to Plaintiffs and did not violate any duties owed to Plaintiffs under the terms of the loan agreements. The court

---

[18] Order ¶ 24 ("Since Plaintiffs' Claims against BB&T are premised on alleged duties outside the terms of the loan agreements owed to Plaintiffs by BB&T, duties the court concludes likely are non-existent, failure of Plaintiffs' Claims is probable.").
[19] Order ¶ 17.

CONCLUDES that when measured under the standards of Rule 12(b)(6), the allegations in Plaintiffs' Amended Complaints can not support their Claims against BB&T.

[19]     For the reasons stated above and in the Preliminary Injunction Order, the court CONCLUDES that Plaintiffs have failed to state Claims upon which relief can be granted against BB&T,[20] and that BB&T's Motion should be GRANTED.

NOW THEREFORE, based upon the foregoing CONCLUSIONS, it hereby is ORDERED, ADJUDGED and DECREED that:

[20]     BB&T's Motion to Dismiss Amended Complaints is GRANTED and Plaintiffs' Claims as to BB&T in each of the captioned civil actions are DISMISSED.

[21]     Costs shall be taxed to Plaintiffs.

This the 3rd day of June, 2011.

---

[20] The court notes that similar allegations were considered and ultimately rejected by the United States District Courts for the Eastern District of North Carolina (*Thompson. v. Bank of America*, 7:09-CV-89-H (2009 E.D.N.C.); *2433 South Boulevard, LLC. v. Bank of America,* 7:10-CV-28-H (2010 E.D.N.C.)) and the Eastern District of Virginia (*Feeley v. Total Realty Mgmt.*, 1:08cv1212 (GBL) (2009 E.D. Va.)); *see also* Judge Tennille's December 4, 2009 Order on Motion to Dismiss in *Allen,* 08 CVS 1283 (dismissing plaintiffs' fraud, unfair and deceptive trade practice and negligent misrepresentation claims against defendants BB&T and Bank of America because of insufficient allegations in the complaint).